UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REBEKAH RUSSELL,

            Plaintiff,            CIV S-05-2001 PAN

     v.

JO ANNE B. BARNHHART,            ORDER
Commissioner of Social Security,

            Defendant.

—    —

     Plaintiff seeks an order vacating the December 21, 2005, closure of the file in this action due to plaintiff's failure timely to amend her application to proceed in forma pauperis or pay the filing fee.  Plaintiff seeks "reinstatement" of her action pursuant to Fed. R. Civ. P. 60(b)(1), which authorizes the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertance, surprise, or excusable neglect."

Plaintiff's counsel states that her law partner, who handled this case, has been relieved of her duties due to health problems and failed to respond to the court's November 9, 2005, order directing plaintiff to file an amended application to proceed in forma pauperis or pay the filing fee. As a result, plaintiff did not pay the filing fee within the sixty-day period accorded by 42 U.S.C. § 405(g) for commencement of a civil action after a final decision of the Commissioner. The last day for filing plaintiff's complaint was the day plaintiff lodged her complaint and applied for in forma pauperis status–October 3, 2005.[1] Since plaintiff's in forma pauperis application was denied and the complaint never formally filed, there is no action to "reinstate."

While this court has found no pertinent case law within the Ninth Circuit, other circuits have permitted plaintiff's payment of the filing fee, after denial of an application to proceed in forma pauperis, to "relate back" to the date the application was filed and complaint lodged. In <u>Rodgers ex rel. Jones v. Bowen</u>, 790 F.2d 1550, 1551-52 (11th Cir. 1986), the Eleventh Circuit reversed the district court's dismissal of plaintiff's Social Security complaint for lack of jurisdiction, after plaintiff's application to proceed in forma pauperis was

---

[1] The 60-day limit of 42 U.S.C.A. § 405(g) (see also 20 C.F.R. §§ 404.981 and 416.1481), is accorded an additional five days for mailing (see 20 C.F.R. § 422.210(c)). The Appeals Council denied review July 29, 2005; the 65-day period ended Sunday, October 2, 2005, making plaintiff's deadline Monday, October 3, 2005.

2

1  denied and she paid the filing fee after the 60-day period of 42
2  U.S.C. § 405(g).  The court held "that a complaint is filed for
3  statute of limitations purposes when it is in the actual or
4  constructive possession of the clerk, regardless of the untimely
5  payment of the required filing fee."  790 F.2d at 1552 (citations
6  and internal quotations omitted); see also, <u>McDowell v. Delaware</u>
7  <u>State Police</u>, 88 F.3d 188, 191 (3rd Cir. 1996) ("remittance of a
8  filing fee is not jurisdictional . . . [a]lthough a complaint is
9  not formally filed until the filing fee is paid, we deem a
10 complaint to be constructively filed as of the date that the
11 clerk received the complaint-as long as the plaintiff ultimately
12 pays the filing fee or the district court grants the plaintiff's
13 request to proceed in forma pauperis"); <u>Wrenn v. American Cast</u>
14 <u>Iron Pipe Co.</u>, 575 F.2d 544, 547 (5th Cir. 1978) (untimely
15 payment of filing fee does not vitiate the validity of a timely
16 filed complaint).

17      "It is well settled that the Federal Rules of Civil
18 Procedure are to be liberally construed to effectuate the general
19 purpose of seeing that cases are tried on the merits and to
20 dispense with technical procedural problems."  <u>Rodgers v. Watt</u>,
21 722 F.2d 456, 459 (9th Cir. 1983).  "Under Rule 60(b), 'excusable
22 neglect' is liberally construed, especially in those instances
23 where the order or judgment forecloses trial on the merits of a
24 claim."  Id.

25      Plaintiff's counsel states she did not become aware of
26 this case until January 20, 2006, when she went through her law

3

partner's case files.  Within three days, counsel filed the instant request.  Significantly, there is no indication that either of plaintiff's counsel acted in bad faith or that defendant would be prejudiced by permitting this case to proceed.

Accordingly, the Clerk of Court is directed to reopen this file.  Plaintiff's complaint shall be deemed filed October 3, 2005, provided plaintiff pays the filing fee within ten days of service of this order.  Failure timely to pay the filing fee will result in dismissal of this action.

So ordered.

Dated:  February 10, 2006.

          /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge